UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANNE JAY,                              CASE NO.:

        Plaintiff,

vs.

JAI SITARAM, LLC, A GEORGIA
LIMITED LIABILITY COMPANY,
AND DHARMESH PATEL,
INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANNE JAY, by and through the undersigned attorney, sues the Defendants, JAI SITARAM, LLC, and DHARMESH PATEL, Individually, alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from approximately February 2017 to August 2017.

3. Defendants operate a Motel 6 hotel in Lake Park, Georgia and are therefore within the jurisdiction of this Court.

4. Plaintiff worked the night desk at the hotel, helping check in guests, perform any maintenance issues that she could handle, answer the phones from prospective guests, and perform the night audit each night.

5. Defendant, JAI SITARAM, LLC, is a Georgia Limited Liability Company based out of Lake Park, Georgia and is within the jurisdiction of this Court.

6. At all times relevant to this action, DHARMESH PATEL was an individual resident of the State of Georgia, who owned and operated JAI SITARAM, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of JAI SITARAM, LLC.  By virtue of having regularly exercised that authority on behalf of JAI SITARAM, LLC, DHARMESH PATEL is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendants, Defendant, JAI SITARAM, LLC, earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendants, Defendant, JAI SITARAM, LLC, employed two or more employees which handled goods, materials

and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were computers, telephones, furniture, bed linens, cleaning supplies, as well as numerous other goods, materials and supplies regularly used in a hotel which had been carried in interstate commerce.

12. Therefore, Defendant, JAI SITARAM, LLC is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13. Additionally, Plaintiff is individually covered by the FLSA as a result of her almost daily telephone communications with guests from outside the state of Georgia calling into the hotel.

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff proper overtime compensation for all overtime hours worked as well as to ensure Plaintiff was paid at least the minimum wage for all hours worked.

15. During her employment with Defendants, Plaintiff generally worked from 8:00 P.M. to 8:00 A.M., six days per week.

16. This equates to approximately seventy-two (72) hours per week of work.

17. As compensation, Plaintiff was paid approximately $925.00 bi-weekly ($462.50 per week), plus lived in one of the hotel rooms.

18. At no time was Plaintiff paid additional overtime compensation for overtime hours worked.

19. Defendants have violated the FLSA by failing to pay Plaintiff any overtime compensation for her overtime hours worked.

20. Additionally, the rate of pay paid by Defendants is below the applicable minimum wage rate when that weekly pay is divided by the number of hours worked.

21. As a result, the Defendants have also violated the FLSA by failing to pay Plaintiff at least the minimum wage rate for all hours worked.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the amounts paid to Plaintiff is in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff was entitled to be paid overtime compensation for overtime hours worked for Defendants.

25. During her employment with Defendants, Plaintiff worked overtime hours on a weekly basis but was not paid any overtime compensation in addition to her weekly pay.

26. Defendants did not have a good faith basis for their decision to not pay Plaintiff full and proper overtime compensation for all overtime hours worked by her during her employment with Defendants.

27. Because of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full and complete overtime compensation, Plaintiff has suffered

damages plus incurring reasonable attorneys' fees and costs.

28. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ANNE JAY, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

31. Plaintiff was entitled to be paid at least the applicable minimum wage rate for all hours worked for Defendants.

32. During her employment with Defendants, Plaintiff was paid so little in weekly pay that when divided by her hours worked, Plaintiff's regular rate of pay fell below the applicable minimum wage rate of pay.

33. Defendants did not have a good faith basis for their decision to not pay Plaintiff at least the applicable minimum wage rate of pay for all hours worked by her during her employment with Defendants.

34. Because of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full minimum wage compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ANNE JAY, demands judgment against Defendants for unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of November, 2017.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3401
Email:        RMorgan@forthepeople.com
***Attorneys for Plaintiff***